# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **TINA ZEOLLA** and **KIRSTEN KELLOGG**, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>**SOUTHERN NEW HAMPSHIRE UNIVERSITY**,<br><br>       Defendant. | Case No. 1:25-cv-00541-TSM |
| **ASHLEY WRIGHT**, on behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>**SOUTHERN NEW HAMPSHIRE UNIVERSITY**,<br><br>       Defendant. | Case No. 1:26-cv-00041-TSM |

**PLAINTIFFS' ASSENTED-TO MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

## I. PRELIMINARY STATEMENT AND RELEVANT FACTS

Plaintiffs filed *Tina Zeolla, et al. v. Southern New Hampshire University*, Case No. 1:25-cv-005441-TSM (the "*Zeolla* Matter") against Defendant Southern New Hampshire University ("SNHU" or "Defendant") on December 17, 2025. *See* ECF No. 1 (the "*Zeolla* Complaint" or "*Zeolla* Compl."). On January 27, 2026, *Ashley Wright v. Southern New Hampshire University.*, Case No. 1:26-cv-00041 was filed against SNHU (the "*Wright* Matter" and together with the *Zeolla* Matter, the "Related Actions"). *See* ECF No. 1, *Wright* (the "*Wright* Complaint" or "*Wright* Compl."). The Related Actions both allege that SNHU disclosed the private, FERPA-protected information of SNHU's prospective, current and past students through its integration of internet surveillance software (the "Tracking Tools") on its web properties, including its password-protected student portal. Soon after the *Wright* Matter was filed, Proposed Interim Counsel became aware of the overlapping nature of their clients' respective cases and, following a teleconference on January 26, 2026, agreed to work cooperatively in pursuing their claims against SNHU.

Accordingly, as detailed herein, Plaintiffs in the Related Actions request that the Court issue an order that: (1) consolidates the Related Actions; (2) appoints Tyler J. Bean and Sonjay Singh of Siri & Glimstad LLP ("S&G") and Amanda Fiorilla and Christian Lewis of Lowey Dannenberg, P.C. ("Lowey") (together with S&G, "Proposed Interim Class Counsel") as Interim Class Counsel; (3) appoints Adam Weintraub of Weintraub Law, LLC ("Weintraub") and Robert S. Carey of Orr & Reno, PA ("O&R") (together with Weintraub, "Proposed Interim Liaison Counsel") as Interim Liaison Counsel; and (4) stays all pending deadlines in the Related Actions until the filing of a Consolidated Class Action Complaint, after which the Parties will jointly submit a proposed schedule for Defendant's response to the Consolidated Class Action Complaint and any responsive briefing. Proposed Interim Counsel has conferred with counsel for SNHU, who

1

confirmed that Defendant does not oppose Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel.

## II. <u>CONSOLIDATION</u>

### A. OVERVIEW OF LAW

"The court may consolidate two or more pending actions which share a common question of law or fact, in appropriate circumstances." *Wenzel v. Nat'l Union Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 99013, at *4 (D.N.H. Sep. 1, 2011) (citing Fed. R. Civ. P. 42(a)). When determining if consolidation is appropriate, "'[t]he threshold issue is whether the . . . proceedings [at issue] involve a common party and common issues of fact or law.'" *Lath v. Manchester Police Dep't*, 2017 U.S. Dist. LEXIS 228148, at *2 (D.N.H. June 7, 2017) (quoting *Close v. Am. Honda Motor Co.*, 1994 U.S. Dist. LEXIS 17786, at *1 (D.N.H. Dec. 5, 1994)). "Because 'the joinder rules result in beneficial economies of scale and judicial efficiency by resolving related issues in a single lawsuit…the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties.'" *Armendariz v. Sig Sauer, Inc.*, No. 1:22-cv-00536-JL, 2023 U.S. Dist. LEXIS 110167, at *4-5 (D.N.H. June 27, 2023) (quoting *Beaulieu v. Concord Grp. Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002) (Muirhead, M.J.)).

In this District, the Court may properly order consolidation of two Related Cases, defined as cases which:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for the resolution of substantially the same questions of law; or (5) would entail substantial duplication of labor if heard by different judges.

L.R. 42.1. Here, the first, second, fourth, and fifth factors set forth by L.R. 42.1 support consolidation of the Related Actions.

### B.  THE *ZEOLLA* MATTER AND *WRIGHT* MATTER SHOULD BE CONSOLIDATED.

#### i.  The Related Actions arise from substantially the same transaction or event.

The Related Actions both involve the same transaction or event: the unauthorized disclosure of the private, FERPA-protected information of SNHU's prospective, current and past students resulting from SNHU's integration of Tracking Tools on its web properties. *Compare Zeolla Complaint* ¶ 5 ("Defendant collected and transmitted a substantial amount of sensitive, personally identifiable information from Plaintiffs' and Class Members' education records to unauthorized third parties…through the use of surreptitious online tracking tools"), *with Wright* Complaint ¶ 1 ("Plaintiff brings this class action lawsuit on behalf of similarly situated individuals to address SNHU's disclosure of its students' and prospective students' private data, including personally identifiable information ("PII") and educational records, to unauthorized third parties"). Specifically, both the *Zeolla* Complaint and *Wright* Complaint allege that:

- SNHU installed Tracking Tools produced by major online advertising companies, including Google and TikTok, onto its web properties.

*Compare Zeolla* Complaint ¶¶ 4-6, *with Wright* Complaint ¶¶ 1-4.

- The Tracking Tools intercepted and disclosed information provided by Plaintiffs and Class Members while using SNHU's web properties to unauthorized third parties, including contact information, course information, grades, military affiliation, employment status, and cookie identifiers.

*Compare Zeolla* Complaint ¶¶ 4-6, 60-66, *with Wright* Complaint ¶¶ 8-12, 61-92.

- SNHU's use of the Tracking Tools violates the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, *et seq.*

*Compare Zeolla Complaint* § IV(D), *with Wright* Complaint ¶¶ 102-106.

- SNHU installed the Tracking Tools onto its web properties to exchange Plaintiffs and Class Members' private information for enhanced advertising and marketing services.

*Compare Zeolla Complaint* ¶ 8, *with Wright* Complaint ¶ 88.

- The information disclosed by SNHU was monetized and used to fuel the targeted advertising operations of some of the largest technology companies in the world.

*Compare Zeolla Complaint* ¶¶ 7-10, *with Wright* Complaint ¶ 28.

### ii. The Related Actions involve substantially the same parties.

SNHU is the sole defendant in both Related Actions. Additionally, the Related Actions both assert claims on behalf of Nationwide Classes of individuals who used SNHU's web properties, and had their private information disclosed to unauthorized third parties as a result. *Compare Zeolla Complaint* ¶ 102, *with Wright* Complaint ¶ 123.

### iii. The Related Actions call for resolution of substantially the same questions of law.

The Related Actions both assert causes of action for invasion of privacy/intrusion upon seclusion, negligence, unjust enrichment, and violations of the Electronic Communications Privacy Act ("ECPA), 18 U.S.C. § 2511(1), *et seq.*, as well as state statutory violations relevant to their Plaintiffs' states of residence. *Compare Zeolla* Complaint ¶ 14, *with Wright* Complaint ¶ 14. Moreover, the Related Actions both assert claims on behalf of a Nationwide Class consisting of individuals who used SNHU's web properties and had their private information disclosed to unauthorized third parties as a result. *Compare Zeolla* Complaint ¶ 102, *with Wright* Complaint ¶ 123. As a result of the high degree similarity between the factual allegations and claims asserted in the Related Actions, the legal issues to be adjudicated are substantially the same, and include:

- Whether SNHU intentionally incorporated the Tracking Tools;

- Whether SNHU disclosed its use of the Tracking Tools to Plaintiffs and the putative class;

- Whether SNHU's use of the Tracking Tools violated FERPA;

- Whether SNHU violated Plaintiffs and class members' privacy rights; and

- Whether Plaintiffs may properly bring claims for invasion of privacy/intrusion upon seclusion, negligence, unjust enrichment, and violations of the Electronic Communications Privacy Act ("ECPA") as a result of SNHU's use of the Tracking Tools.

*Compare Zeolla* Complaint ¶¶ 101-196, *with Wright* Complaint ¶¶ 123-239.

### iv. The Related Actions would entail substantial duplication of labor if heard by different judges.

Consolidation "is typically ordered to avoid 'duplication' and 'the delay and expense of proceeding with separate depositions and separate motion schedules.'" *Honda*, 1994 U.S. Dist. LEXIS 17786, at *3-4 (quoting *Sage Products, Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993.)). Here, consolidation of the Related Actions will undoubtedly save substantial judicial time and effort because, as discussed above, both actions involve the same defendant, the same web properties, and nearly identical causes of action and requested relief.

Any one of the LR 42.1 factors are independently sufficient to merit consolidation. Here, where four of the five factors are satisfied, consolidation is undoubtedly warranted.

### III. APPOINTMENT OF INTERIM CLASS COUNSEL

#### A. LEGAL STANDARD

Pursuant to Rule 23, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see also Carrier v. Am. Bankers Life Assur. Co.*, No. 05-cv-430-JD, 2006 U.S. Dist.

LEXIS 76346, at *2 (D.N.H. Oct. 19, 2006) (same). In appointing interim co-lead class counsel, courts consider the four factors laid out by Rule 23(g)(1): (i) the work counsel has done identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-cv-242-JL, 2017 U.S. Dist. LEXIS 227966, at *5-6 (D.N.H. May 11, 2017) (citing Fed. R. Civ. P. 23(g)(1)(A)).

Here, all four factors weigh in favor of appointing Proposed Interim Class Counsel and Liaison Counsel.

## B. PROPOSED INTERIM CLASS COUNSEL AND LIAISON COUNSEL SHOULD BE APPOINTED

### i. Counsel has done substantive work identifying and investigating Plaintiffs' claims.

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. ed. 2007). The work performed and resources committed by Proposed Interim Class Counsel and Liaison Counsel to advance this litigation demonstrate that they have and will continue to fairly and adequately represent the proposed classes and weighs heavily in favor of appointing them as interim class counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (requiring that the reviewing court consider the applicant's investigative and analytical efforts).

Proposed Interim Class and Liaison Counsel have done substantive work in identifying and investigating the claims at-issue in this litigation. Counsel conducted an extensive pre-filing investigation, including research into the functionality of the various web properties maintained by SNHU; conversations with a number of SNHU's past, current and prospective students; and examination of Plaintiffs' specific experiences with SNHU and its web properties. Further, as this case involves highly technical surveillance software, Counsel had to perform an analysis of the network transmissions made by the tracking software on the Defendant's web properties to determine the information transmitted, and the interaction between those transmissions and Google, TikTok, Snapchat and Facebook's web tracking technologies. *See Zeolla Complaint* ¶¶ 60-66; *Wright* Complaint ¶¶ 61-92. Counsel then identified viable claims—including under federal, state, and common law—for inclusion in their clients' Complaints. *See Zeolla* Complaint ¶¶ 101-196l *Wright* Complaint ¶¶ 123-239.

### ii.   Counsel has extensive experience litigating similar claims.

Proposed Interim Class Counsel and Liaison Counsel have extensive experience in "handling class actions, other complex litigation, and the types of claims asserted in the action" as required by Fed. R. Civ. P. 23(g)(1)(A)(ii). Proposed Interim Class Counsel and Liaison Counsel have serving in leadership roles in a multitude of data privacy cases, including class action cases involving the specific tracking software at issue in this matter and class action cases involving the numerous statutory and common law claims alleged by Plaintiffs.

### a.   *Siri & Glimstad*

Siri & Glimstad LLP ("S&G") is a national class action firm of over 100 dedicated professionals that regularly serves as court-appointed class counsel in a broad spectrum of class action and civil rights cases nationwide and has recovered compensation for millions of individuals. These include its recent involvement in a class action alleging violations of the

7

Telephone Consumer Protection Act ("TCPA") which resulted in a settlement of $25,000,000 (plus free satellite radio service) to a potential class of over 14 million customers. *See Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.). S&G was also trial co-counsel for plaintiffs in an ERISA matter filed as a class action involving breaches of fiduciary duty related to the management and termination of an Employee Stock Ownership Plan, which settled after the beginning of trial for $1,080,000 for the class. *See Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.).

### Tyler Bean & Sonjay Singh

Tyler J. Bean, a Parter at S&G who leads S&G's Data Breach and Online Privacy Group, and Sonjay Singh, a Senior Attorney who oversees the Firm's Internet Surveillance Practice, concentrate on complex civil litigation and consumer class actions, with a particular emphasis on data privacy. Through their combined experience as data privacy lawyers, including having played significant roles in successfully litigating dozens of data breach and privacy class actions from inception through discovery and leading to court-approved settlement, Messrs. Bean and Singh have demonstrated not only a mastery of the law, but also the rare ability to lead and deliver results in a high-stakes environment.

S&G, under the leadership of Messrs. Bean and Singh, has emerged as a national leader in the data privacy class action space, as reflected by the numerous matters in which S&G has served or continues to serve as **(1) settlement class counsel**, including, without limitation:

- *Page, et al. v. Ford Motor Company*, Case No. 2024LA000148 (Ill. Cir. Ct., Sangamon Cty.), which received final approval for a settlement involving 16,000 class members and a settlement fund of $17,500,000, thereby resolving claims arising under the Genetic Information Privacy Act ("GIPA")—the first class-wide settlement of its kind;
- *Reedy, et al. v. Everlywell, Inc., et al.*, Case No. 1:24-cv-02713 (N.D. Ill.), which received preliminary approval for a settlement involving 2 million class members and a $5,000,000 non-reversionary settlement fund;
- *Owens, et al. v. US Radiology Specialists, Inc., et al.*, Case No. 22-CVS-17797 (N.C. Sup. Ct., Mecklenburg Cty.), which received final approval for a settlement that

- includes a non-reversionary settlement fund of $5,050,000 involving 1,300,000 class members;
- *In re Unite Here Data Security Incident Litigation*, Case No. 1:24-cv-01565 (S.D.N.Y.), which received final approval for a settlement involving roughly 790,000 class members and a $6 million non-reversionary settlement fund;
- *Terrance Rosa, et al. v. Brightline, Inc.*, Case No. 24-md-03090 (S.D. Fla.), which received final approval for a settlement involving over 1 million class members and a $7,000,000 non-reversionary settlement fund;
- *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.), which received final approval for a settlement involving 2 million class members and a $7.25 million non-reversionary settlement fund; and
- *In re Hospital Sisters Health System Data Breach Litigation*, Case No. 2024CH000043 (Ill. Cir. Ct., Sangamon Cty.), which received final approval for a settlement involving 868,000 class members and a $7.6 million non-reversionary settlement fund;

and (**2**) **court-appointed interim class counsel,** including, without limitation:

- *Pacheco et al. v. Community First Medical Center*, Case No. 2023-CH08487 (Cir. Court of Cook Cty., Ill.);
- *Wilson et al. v. Frontier Communications*, Case No. 3:24-cv-1418 (N.D. Tex.);
- *Harrison, et al. v. Peco Foods Inc.*, Case No. 7:24-cv-01028 (N.D. Ala.);
- *Gregorio, et al. v. Green Diamond Resource Company*, Case No. 2:24-cv-00596 (W.D. Wash.);
- *In re Landmark Admin LLC Data Incident Litigation*, Case No. 6:24-CV-082 (N.D. Tex.);
- *In re OnePoint Patient Care, LLC, Data Breach Litigation*, Civil Action No. 3:24-cv-00649 (W.D. Ky.);
- *Kranz-Mitchell, et al. v. Excelsior Orthopaedics, LLP, et al.,* Case No. 812753/2024 (NY Supreme Ct., Erie Ct.);
- *Wood, et al v. Gryphon Healthcare LLC,* Case No. 4:24-cv-3946 (S.D. Tex.);
- *Canup, et al. v. Gas Express, LLC,* Case No. 1:25-cv-00396 (N.D. Ga.);
- *In re Anna Jacques Hospital Data Security Incident Litigation*, Case No. 1:24-cv-10792 (D. Mass.);
- *Edri, et al. v. Advanced Recovery Equipment & Supplies, LLC*, Case No. 529489/2024 (NY Sup. Ct., Kings Cty.);
- *Carter, et al v. MyHeritage (USA) Inc., et al*, Case No. 1:25-cv-224 (N.D. Ill.);
- *Haseltine, et al v. Financial Business and Consumer Solutions, Inc.*, Case No. 24-1876 (E.D. Pa.);
- *Flores, et al. v. South Texas Oncology and Hematology, PLLC*, Case No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.);
- *In re Cooper Health System Security Incident Litigation*, Case No. 1:25-cv-05841 (D.N.J.);
- *In re iHeart Media Data Breach Litigation*, Case No. 5:25-cv-00538 (W.D. Tex.);
- *Waudby, et al. v. Precision Tax Relief, LLC*, Case No. 2:25-cv-00301 (D. Id.);

- *Levin v. Albany College Pharmacy and Health Services*, Index No. 906277-25 (NY Sup. Ct., Albany Cty.);
- *Bernal v. Amalgamated Sugar Company*, Case No. CV01-25-12333 (4th Dist. of Id., Ada Cty.);
- *Minter v. Finwise Bank, et al.*, Case No. 2:25-cv-00569 (D. Utah);
- *Leuch, et al. v. Greater Pittsburgh Orthopaedic Associates, Inc.*, Case No. GD-25-009211 (Pa., Allegheny Cty.);
- *Doktor, et al. v. Good Neighbors Federal Credit Union*, Case No. 808163/2025 (N.Y. Sup. Ct., Erie County); and
- *Correa v. Anne Arundel Dermatology, P.A.*, Case No. 1:25-cv-02274 (the Court commenting that Mr. Bean's "accomplishments and qualifications not only highlight [his] wealth of experience but also suggest that [he has] a strong command of the applicable law[.]").

S&G is fully prepared to dedicate the time and resources necessary to effectively represent the putative class in this matter. Further details about Messrs. Bean and Singh, as well as Siri & Glimstad's Class Action Group, are included in the firm resume submitted herewith as **Exhibit A**.

### b. *Lowey Dannenberg, P.C.*

For nearly six decades, Lowey has successfully prosecuted class actions against some of the world's largest companies, achieving substantial recoveries on behalf of individuals. In its capacity as lead or co-lead counsel, Lowey has recovered billions of dollars on behalf of class members, including in data privacy cases. Recent data privacy settlements include, $95 million in *Lopez v. Apple Inc.*, No. 4:19-cv-04577 (N.D. Cal.), $25 million in *Doe v. GoodRx Holdings Inc.*, No. 3:23-cv-00501 (N.D. Cal.), $10 million in *In re Data Security Cases Against Nelnet Servicing, LLC*, No. 4:22-cv-3191 (D. Neb.), $28.5 million in *In re: Wawa Inc. Data Security Litig.*, No. 2:19-cv-06019 (E.D. Pa.).

Courts routinely recognize this experience in appointing Lowey to leadership positions in complex class actions. *See, e.g., Frasco v. Flo Health Inc.*, No. 3:21-cv-00757, ECF No. 80 (N.D. Cal.) ("Co-Lead Counsel have performed substantial work on behalf of the proposed class to date, have worked toward streamlining the cases in this Court, and have sufficient experience and applicable knowledge necessary to effectively represent the proposed class."); *GoodRx Holdings Inc.*, No. 3:23-cv-00501, ECF No. 112 (N.D. Cal.) (appointing Lowey co-lead counsel based on

10

its "experience successfully prosecuting and leading multi-defendant complex class action, including holding responsibility for arguing motion for class certification and motions for summary judgment in consumer privacy class actions.").

The team in this action will be led by two key members of Lowey's data privacy group, Christian Levis and Amanda Fiorilla. As explained below, Mr. Levis and Ms. Fiorilla have extensive experience litigating data privacy matters, having led some of the largest ongoing privacy class actions in the country.

### Christian Levis

Christian Levis is a partner in Lowey's New York office and head of the firm's data breach and privacy practice group. An avid computer programmer, Mr. Levis is involved in leading the prosecution of several consumer privacy cases against some of the largest technology companies in the world. *See Frasco v. Flo Health Inc.*, No. 3:21-cv-00757 (N.D. Cal.) (class action against Meta, Google, and others related to their interception of women's menstrual health information from the Flo Health app); *Doe v. GoodRx Holdings, Inc.* No. 3:23-cv-00501 (N.D. Cal.) (class action against Meta, Google, and Criteo for collecting sensitive health and prescription information about GoodRx users); *Doe v. FullStory, Inc.*, No. 3:23-cv-00059 (N.D. Cal.) (class action on behalf of Hey Favor users who's sensitive medical information was intercepted by Meta, TikTok, and FullStory through tracking technology on the Hey Favor platform); *Doe v. Google LLC*, No. 3:23-cv-02431 (N.D. Cal.) (class action against Google related to its interception of individuals sensitive health information from health care provider websites); *In re Google Assistant Priv. Litig.*, No. 5:19-cv-04286 (N.D. Cal.) (the "Google Assistant Action") (class action on behalf of Google Assistant-enabled device users whose conversations were obtained by Google and shared with third parties without users' consent). Many of these actions involve the same tracking technology at issue in this case.

The value of this experience in privacy litigation is demonstrated by the results Mr. Levis has achieved. For instance, in the past year he, along with co-lead counsel, obtained a historic jury

verdict holding Meta Platforms, Inc. liable for collecting Flo Health App users' private health data through its software development kit embedded within the Flo Health App. Mr. Levis also successfully argued for certification of a class of Google Home and smartphone device purchasers in the *Google Assistant* action pending before Judge Labson Freeman, where Google is alleged to have secretly recorded millions of Google Assistant users without their consent. *See In re Google Assistant Priv. Litig.*, No. 5:19-cv-04286, ECF Nos. 222, 338, 360.

### Amanda Fiorilla

Amanda Fiorilla is Vice Chair of Lowey's data breach and privacy group and one of its founding members. Ms. Fiorilla works closely with Mr. Levis on several of the firm's privacy matters, including the *Frasco* and *GoodRx* actions referenced above. She currently serves as lead counsel in *In re: Adobe Data Tracking Litigation*, No. 5:25-cv-03032-NW (N.D. Cal.) and *In re Zeta Global Data Privacy Litig.*, No. 1:25-cv-05780 (S.D.N.Y.).

Ms. Fiorilla has zealously advocated on behalf of plaintiffs in several data privacy matters, including in *Doe v. FullStory, Inc.*, No. 3:23-cv-00059 (N.D. Cal.), where she successfully defeated defendants' motions to dismiss claims arising out of the unlawful interception of health data from a telemedicine platform providing prescriptions for birth control. Ms. Fiorilla also argued in *Doe v. Regents of the Univ. of Cal.*, No. 3:23-cv-00598 (N.D. Cal.), successfully sustaining claims against the defendant arising out of the unlawful interception of health data from a hospital website and patient portal through Google and Meta's tracking technology.

Ms. Fiorilla has played an instrumental role in achieving landmark victories in the privacy and data breach landscape. For instance, in the *In re Rutter's Inc. Data Security Breach Litig.*, No. 1:20-cv-00382 (M.D. Pa.) (the "Rutters Action"), Ms. Fiorilla and other Lowey attorneys secured one of the first federal decisions in the Third Circuit to explicitly recognize a merchant's independent duty at law to protect customer data. *See* 511 F. Supp. 3d 514, 529-30 (M.D. Pa. 2021) ("Defendant's affirmative act of retaining credit and debit card information which created a risk of foreseeable harm from unscrupulous third parties is enough to recognize a legal duty here."). And

in *In re USAA Data Security Litig.,* No. 7:21-cv-05813, 2022 WL 3348527 (S.D.N.Y. Aug. 12, 2022), Ms. Fiorilla and her colleagues successfully sustained claims pursuant to the Driver's Privacy Protection Act ("DPPA") against an insurance company who configured its website to disclose individuals' driver's license numbers on its quote forms. Prior to this decision, few courts, if any, had applied the DPPA in this context. Ms. Fiorilla's ability to successfully navigate novel issues of law and fact will be particularly useful here in litigating an action involving new and emerging technologies.

Further details of Lowey Dannenberg, P.C.'s experience is set forth in its firm resume, submitted herewith as **Exhibit B**.

### c. Weintraub Law, LLC

Weintraub Law is based in New Hampshire and has a long history of vigorously prosecuting claims, including against some of the largest corporations in the world. Adam Weintraub has worked in multiple complex cases that have achieved millions in verdicts and settlements. Mr. Weintraub specializes in cases that are not just complex because of the legal and procedural issues involved, but also because of the technological sophistication of the products, services or bad acts underlying the legal claims. Mr. Weintraub has served an integral part and key roles for leadership and liaison counsel in numerous high-profile cases. *See, e.g., In. Re: 3M Combat Arms Earplug Prods. Liab. Litig.* (N.D. Fla.); *In Re: Bard IVC Filters Prods. Liab. Litig*. (D. Ariz.); *In Re: Zimmer Durom Hip Cup Prods. Liab. Litig.* (D.N.J); *Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig*. (D. Minn.); *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico* (E.D. La.); *Pool Products Distribution Market Antitrust Litigation* (E.D. La.); *Chinese-Manufactured Drywall Prods. Liab. Litig.* (E.D. La.).

Weintraub Law will devote the resources and time required to forcefully prosecute this case. Mr. Weintraub has the experience and knowledge to serve as liaison counsel in this case.

13

Furthermore, Mr. Weintraub will match the opposition's resource commitment and drive, no matter how intense and long-lasting the litigation.

### d. *Orr & Reno, PA*

Orr & Reno PA is a full-service law firm with experience handling class actions and complex litigation. Orr & Reno's lawyers routinely appear in the United States District Court for the District of New Hampshire, as both lead and local counsel. Attorney Robert S. Carey, who is local counsel for Plaintiff Ashley Wright and will be co-local counsel for the consolidated cases, has extensive trial experience in both federal and state courts. Attorney Carey is a member of the federal court's Criminal Justice Act (CJA) panel. Attorney Carey will work closely with counsel at Lowey Dannenberg, P.C., whose lawyers have experience with the type of claims asserted in this action.

## C. Counsel is knowledgeable about the applicable law.

By virtue of their significant experience in litigation class action matters involving both the legal and factual subject matter of the Related Cases, Proposed Interim Class Counsel and Liaison Counsel are well-versed in all aspects of this litigation, including the statutory and common law claims raised, and the functional nature of the tracking technology installed on Defendant's web properties. Additionally, Proposed Liaison Counsel are based in this judicial district and have extensive knowledge of the applicable local rules and law.

## D. Counsel intends to employ all resources and personnel necessary to successfully pursue this litigation.

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative classes. Fed. R. Civ. P. 23(g)(1)(C). S&G and Lowey are well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude as they have demonstrated in numerous similar class actions. As needed,

Proposed Interim Class Counsel can draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the Class members. To ensure adequate funds are available to prosecute this litigation on behalf of the putative Class, Proposed Interim Class Counsel will also establish a system to pay assessments proportional to the needs of the case. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion, including trial.

### E.  Other factors support designation of counsel.

Proposed Interim Class Counsel and Liaison Counsel's success in self-organizing and securing each other's support further demonstrates their suitability for leadership roles. *In re Data Sec. Cases v. Nelnet Servicing, LLC*, 2023 U.S. Dist. LEXIS 15332, at *25 n.4 (D. Neb. Jan. 30, 2023) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."). Another important consideration in selecting leadership is working well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as court officers, all of which are critical to the successful management of the litigation. *See* Manual for Complex Litig. § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Here, Proposed Interim Class Counsel and Liaison Counsel have strong working relationships with each other as evidenced by their efforts to move quickly and effectively to organize the Related Actions to put forward the leadership structure proposed herein.

## IV. ASSENT OF SNHU

Defendant consents to this Motion.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an Order that:

1. Consolidates the Related Actions;

2. Appoints Tyler J. Bean and Sonjay Singh of Siri & Glimstad LLP, and Amanda Fiorilla and Christian Lewis of Lowey Dannenberg, P.C. as Interim Class Counsel;

3. Appoints Adam Weintraub of Weintraub Law, LLC and Robert S. Carey of Orr & Reno, PA as Interim Liaison Counsel; and

4. Stays all pending deadlines in the Related Actions until Plaintiffs file their Consolidated Class Action Complaint, after which the Parties will jointly submit a proposed schedule for Defendant's response to the Consolidated Class Action Complaint and any responsive briefing.

Dated: February 3, 2026

Respectfully submitted,

*/s/ Adam H. Weintraub*
Adam H. Weintraub
New Hampshire Bar No. 275047
WEINTRAUB LAW, LLC
170 Commerce Way, Suite 200
Portsmouth, New Hampshire 03801
Telephone: (603) 212-1785
aweintraub@ahwfirm.com

*\*\*\*Additional Counsel on Following Page\*\*\**

Sonjay C. Singh (*pro hac vice*)
Tyler J. Bean (*pro hac vice* forthcoming)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: ssingh@sirillp.com
E: tbean@sirillp.com

*Attorneys for Plaintiffs Zeolla and Kellogg*

Robert S. Carey, Esq. (NH Bar #11815)
Orr & Reno, PA
45 South Main Street
PO Box 3550
Concord, NH 03302
603-224-2381
rcarey@orr-reno.com

Christian Levis (*pro hac vice* forthcoming)
Amanda Fiorilla (*pro hac vice* forthcoming)
Rachel Kesten (*pro hac vice* forthcoming)
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

*Attorneys for Plaintiff Wright*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter.

*/s/ Adam H. Weintraub*